UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAYSHAUN JONES,

                                 Plaintiff,

               v.                                         1:23-CV-656
                                                                  (GLS/DJS)

MATTHEW ELLIS,

                                 Defendant.
_____

**APPEARANCES:**

DAYSHAUN JONES
Plaintiff, *Pro Se*
Albany, New York 12206

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has forwarded for review a civil complaint filed by Plaintiff. Plaintiff has not paid the filing fee but has submitted an application to proceed in forma pauperis, Dkt. No. 2, which the Court has granted. Plaintiff also seeks leave for access to the Court's electronic filing system. Dkt. No. 5. This is one of several similar lawsuits filed by Plaintiff in this District. *See Jones v. Farney*, 23-CV-563; *Jones v. Campbell*, 23-CV-732.

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## B. Analysis of the Complaint

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). A complaint that fails to comply with basic pleading requirements presents too heavy a burden for defendants to craft a defense "and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

Plaintiff's Complaint fails to meet the requirements or provide the notice to Defendant that Rule 8 requires. The allegations in the Complaint appear to relate to the Plaintiff's attempts to "secure" an interest in unidentified property from Defendant who is identified as the CFO of Verizon Communications. *See* Compl. at p. 6. The Complaint purports to assert a breach of fiduciary duty on the part of the Defendant. *Id.* at p. 7. The Complaint contends that this Court has federal question jurisdiction, *id.* at p. 3, but fails to allege what federal right or statute under which the claim is brought. Nor has Plaintiff properly alleged diversity jurisdiction here.

Given its lack of clarity, the Complaint is clearly subject to dismissal. "[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*,

2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Accordingly, the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend.

The Court advises Plaintiff that should he be permitted to amend his Complaint, any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of his prior Complaint shall be incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff

and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendant violated a law, he should specifically refer to such law.

Given the recommended dismissal of the Complaint, the Court also denies, without prejudice, Plaintiff's Motion for CM/ECF access.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that Plaintiff's Motion for CM/ECF access (Dkt. No. 5) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN**

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: July 7, 2023
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge