**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAYSHAUN JONES,

                         Plaintiff,

               v.                            1:23-CV-656 (GLS/DJS)

MATTHEW ELLIS,

                         Defendant.

**APPEARANCES:**

DAYSHAUN JONES
Plaintiff, *Pro Se*
Albany, New York 12206

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

Upon initial review of Plaintiff's Complaint, this Court recommended that it be dismissed with leave to amend. Dkt. No. 7. Rather than filing objections to the Report-Recommendation, Plaintiff filed an Amended Complaint. Dkt. No. 8, Am. Compl. The District Court adopted the Report-Recommendation and referred the Amended Complaint to the undersigned for review. Dkt. No. 9.

Review of the Amended Complaint is subject to the same standard applied in this Court's initial Report-Recommendation. *See* Dkt. No. 7 at pp. 2-3. In summary, the

Court is tasked with assessing whether the Amended Complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Upon review under this standard, the Court recommends dismissal of the Amended Complaint.

### B. Analysis of the Complaint

Plaintiff has sued Defendant Matthew Ellis, who he alleges is the Chief Financial Officer at Verizon Communications. Am. Compl. at p. 6. As with the original Complaint, however, the precise nature of the Amended Complaint is unclear. Plaintiff states that he is seeking to "secure his property [and] receive equal consideration for its exchange." *Id.* The Amended Complaint, however, does not specify what property is at issue or how Defendant has interfered with Plaintiff's rights to it. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and]

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). A complaint that fails to comply with basic pleading requirements presents too heavy a burden for defendants to craft a defense "and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). Generally stated, Plaintiff's Complaint fails to meet the requirements or provide the type of sufficient notice of the facts at issue that Rule 8 requires. This warrants dismissal.

The Amended Complaint, however, does assert certain specific legal claims. Plaintiff clearly asserts one claim under the Due Process Clause of the 14th Amendment. Am. Compl. at p. 7. Liberally construed, he also asserts another under the Contract Clause. *Id.* at p. 8.[2] Neither claim may proceed here because Plaintiff has sued an individual corporate officer and there is no allegation of the state action necessary to proceed on such a claim. "[S]tate action is a necessary component of any Contracts Clause claim, and of any Fourteenth Amendment due process or takings claim." *Cranley v. Nat'l Life Ins. Co. of Vermont*, 318 F.3d 105, 111 (2d Cir. 2003) (citing cases) (internal

---

[2] This claim references the Supreme Court's decision in *Lochner v. New York*, 198 U.S. 45 (1905) as protecting a right to contract. *Lochner*, of course, has long since been repudiated. *See Ferguson v. Skrupa*, 372 U.S. 726, 730 (1963). The Court, out of deference to Plaintiff's pro se status, will construe this claim as having been made under the Contract Clause, contained in section 10 of Article I of the Constitution which provides that "No State shall . . . pass any . . . Law impairing the Obligation of Contracts."

citations omitted); *see also Colon de Mejias v. Malloy*, 353 F. Supp. 3d 162, 171 (D. Conn. 2018), *aff'd sub nom. Colon de Mejias v. Lamont*, 963 F.3d 196 (2d Cir. 2020) ("The threshold inquiry in a Contract Clause analysis is whether there exists a contractual obligation that has been impaired by state action."); *Catanzano by Catanzano v. Dowling*, 60 F.3d 113, 117 (2d Cir. 1995) (discussing state action requirement in context of 14th Amendment claim). Because no state action is alleged on the part of Defendant, Plaintiff's constitutional claims must be dismissed.

Plaintiff has also identified the Federal Reserve Act as a potential basis for his action, but that claim is also subject to dismissal. Plaintiff appears to rely upon 12 U.S.C. § 504(c)[3] which provides:

Third tier

Notwithstanding subsections (a) and (b), any member bank which, and any institution-affiliated party (within the meaning of section 1813(u) of this title) with respect to such member bank who--
    (1) knowingly--
        (A) commits any violation described in subsection (a);
        (B) engages in any unsafe or unsound practice in conducting
        the affairs of such credit union; or
        (C) breaches any fiduciary duty[.]

(footnote omitted).

For several reasons, this claim may not proceed. First, the statute provides for payment of civil penalties by "any member bank," 12 U.S.C. § 504, but Plaintiff has

---

[3] Plaintiff cites section 29 of the Federal Reserve Act, which is codified in Section 504.

named an individual, not a banking institution, as the Defendant. Second, any penalty imposed under the statute "shall be assessed and collected" by either the Comptroller of the Currency or the Federal Reserve Board, 12 U.S.C. § 504(e), and any such penalties "shall be deposited into the Treasury." 12 U.S.C. § 504(g). As a result, Plaintiff has not established that he personally is entitled to any relief under section 504. The Court, therefore, agrees with the view that the statute "does not create a private right of action." *Bockari v. J.P. Morgan Chase Bank*, 2016 WL 5234719, at *3 (E.D. Cal. Sept. 22, 2016), *report and recommendation adopted*, 2016 WL 10636364 (E.D. Cal. Dec. 27, 2016), *aff'd sub nom. Bockari v. JPMorgan Chase & Co.*, 695 F. App'x 309 (9th Cir. 2017).

As this Court has previously noted in this case, dismissal without providing a *pro se* Plaintiff an opportunity to amend is contrary to established circuit precedent. Dkt. No. 7 at pp. 4-5. However, "a dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment." *Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.*, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (citing cases). Here, Plaintiff has been provided an opportunity to amend, Dkt. No. 8, but has still failed to state cognizable claims. Given the particular nature of the pleadings in this case, "[t]here is no basis to believe that granting leave to amend [another] time would induce the plaintiff to add the kind of allegations needed to establish a facially-plausible claim when he took no steps to do so with [the] first opportunit[ies] to amend." *Driessen v. Royal Bank Int'l*, 2015

WL 1245575, at *2 (D. Conn. Mar. 18, 2015) (citing cases); *see also Jones v. Farney*, 23-CV-563 (N.D.N.Y.).  Under the circumstances presented here, the Court recommends that the Amended Complaint be dismissed with prejudice.

## II.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: September 8, 2023
      Albany, New York

*(signature)*

Daniel J. Stewart
U.S. Magistrate Judge